**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JUAN MANUEL CRUZADO-LAUREANO,

    **Plaintiff,**

           **v.**                **Civil No.** 20-1360 (FAB)

OFFICE OF THE CONTROLLER OF
PUERTO RICO,

    **Defendant.**

**OPINION AND ORDER**

BESOSA, District Judge.

    Defendant "Office of the Controller of Puerto Rico" [sic][1] moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 6)  For the reasons set forth below, the motion to dismiss is **GRANTED**.

**I.  Background**

    Plaintiff Juan Manuel Cruzado-Laureano ("Cruzado") served as the mayor of Vega Alta, Puerto Rico in 2001 for less than a year. (Docket No. 2 at p. 1)  "Almost immediately after taking office, Cruzado began extorting and laundering money by, among other things, demanding kickbacks on municipal contracts and redirecting funds intended for the government into his own pocket."  United States v. Cruzado-Laureano, 440 F.3d 44, 45 (1st Cir. 2006).  On

---

[1] The Court will refer to the defendant by its correct name, the Office of the Comptroller of Puerto Rico.

January 25, 2002, a grand jury returned a fourteen-count superseding indictment charging Cruzado with, *inter alia*, embezzlement, extortion, money laundering, and tampering with a witness in violation of 18 U.S.C. §§ 666(a)(1)(A)(i), 1951(a), 1956(a)(1)(B)(i), and 1512(b)(1), respectively. (Criminal No. 01-690 (JAF), Docket No. 32)

After a two-week trial, the jury convicted Cruzado on all counts except two: a money laundering count dismissed by the Court and an extortion count that the United States failed to prove beyond a reasonable doubt. Id., Docket No. 89. The Court imposed a concurrent sentence of 63 months imprisonment as to each count, a fine of $10,000, a special assessment of $1,200, and a three-year concurrent term of supervised release. Id., Docket No. 110.[2]

The First Circuit Court of Appeals affirmed the conviction, but vacated the sentence. Cruzado-Laureano, 404 F.3d 470. The Court then resentenced Cruzado to the same term of imprisonment and imposed a restitution order in the amount of $14,251.82. (Criminal No. 01-690, Docket No. 248)  This sentence survived a subsequent appeal. United States v. Cruzado-Laureano, 527 F.3d 231, 239 (1st Cir. 2008).

Cruzado commenced seven post-conviction civil actions, all to no avail. See Cruzado-Laureano v. Muldrow, Civil No. 19-2142

---

[2] Cruzado received a one-year term of imprisonment as to Count 11. Id.

(JAW), 2020 U.S. Dist. LEXIS 86265 at *11 (D.P.R. May 15, 2020)
(dismissing Cruzado's petition for a writ of mandamus as
"frivolous") (Woodcock, J.); Cruzado-Laureano v. United States,
Civil No. 09-2303 (JAF), 2010 U.S. Dist. LEXIS 116731 at *14
(D.P.R. Nov. 2, 2010) (dismissing Cruzado's section 2255 motion,
noting that he "continues to waste judicial resources [by] bringing
frivolous arguments") (Fusté, J.), aff'd Civil No. 10-2470 (1st
Cir. Apr. 26, 2012) (judgment); Cruzado-Laureano v. United States,
Civil No. 15-1930 (JAF), (dismissing Cruzado's petition for writ
of *coram nobis*) (Opinion and Order), aff'd Civil No. 16-1065 (1st
Cir. Feb. 8, 2018) (Judgment); Cruzado-Laureano v. Partido Popular
Democrático, Civil No. 06-1471 (ADC), 2007 U.S. Dist. LEXIS 108832
at *8 (D.P.R. Mar. 28, 2007) (granting motion to dismiss Cruzado's
malicious prosecution claims against the Commonwealth of Puerto
Rico, the Popular Democratic Party, the former governor of Puerto
Rico Sila M. Calderón, and others) (Delgado-Colón, J.); Cruzado-
Laureano v. Puerto Rico, Civil No. 06-1472 (JAF), 2007 U.S. Dist.
LEXIS 4175 at *10 (D.P.R. Jan. 19, 2007) (granting motion to
dismiss Cruzado's 1983 claim against Puerto Rico and federal law
enforcement officers) (Fusté, J.); Cruzado-Laureano v. Puerto
Rico, Civil No. 12-1317 (holding that Cruzado's complaint
challenging the disqualification of convicted felons from holding
political office was "frivolous") (D.P.R. June 25, 2012) (Opinion

and Order) (Cerezo, J.); <u>Cruzado-Laureano v. United States</u>, Civil

No. 07-1160 (JP), 2007 U.S. Dist. LEXIS 109736 at *5-6 (D.P.R.

July 12, 2007) (dismissing malicious prosecution causes of action)

(Pieras, J.).

   This action constitutes yet another attempt to relitigate

Cruzado's crimes of conviction.  (Docket No. 2)  He continues to

maintain that the corruption "never occurred."  <u>Id.</u> at p. 10.

According to the *pro se* complaint, the Office of the Comptroller

conspired to oppress the "free exercise or enjoyment of any right

or privilege secured [by Cruzado] . . . by the Constitution or

laws of the United States" in violation of 18 U.S.C. § 241

("section 241").  <u>Id.</u>  It allegedly "adulterated" and withheld

audit report M-06-12 (the "audit report") to "keep [Cruzado]

imprisoned beyond the 2004 General Election."  <u>Id.</u> at p. 8.

   Cruzado subsequently moved to amend the complaint,

acknowledging that section 241 "does not authorize a private

individual to institute criminal proceedings."  Docket No. 10 at

p. 1; see <u>Rodi v. Ventelulolo</u>, 941 F.2d 22, 29 n.8 (1st Cir. 1991)

(holding that section 241 "[does] not give rise to a civil action

for damages") (citation omitted).  The motion to amend tethers the

complaint to 42 U.S.C. § 1983 ("section 1983"), averring that

former Comptroller Manuel Díaz-Saldaña ("Díaz") "lied" about

Cruzado's inappropriate use of a municipal credit card, and delayed

publication of the audit report to conceal exculpatory evidence. (Docket No. 10 at p. 20)  He seeks a monetary award of $12,000,000 on behalf of himself and his family, for the "bitterness, deprivation of all kinds, [and] harassment that [he] has had to suffer 18 years [following the] illegal federal conviction of crimes of public corruption."  (Docket No. 2. at p. 10)

The Court is cognizant that *pro se* litigants are entitled to a liberal construction of their pleadings.    Although *pro se* litigants are held to less stringent standards, their motions must nevertheless meet certain fundamental requirements. See United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003). A generous reading of the complaint cannot, however, redeem this meritless litigation.

## II.  Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Courts adopt a two-step approach when resolving a motion to dismiss. First, a court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  Second, a court

"take[s] the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief."  Id.

"The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'"  Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2017)).  An affirmative defense based on the statute of limitations "may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."  Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113 (1st Cir. 2009) (citation and quotation omitted).

   **A.   Section 1983**

        The only cause of action before the Court is Cruzado's section 1983 claim.  This statute sanctions "a private right of action for violations of federally protected rights."  Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).  The Supreme Court has held that section 1983 does not confer substantive rights, "but provides a venue for vindicating federal rights elsewhere conferred."  Marrero-Sáez v. Municipality of Aibonito,

668 F. Supp. 2d 327, 332 (D.P.R. 2009) (Casellas, J.) (citing
Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989)).   To prevail
on his section 1983 claim, Cruzado must demonstrate that:  (1) he
was deprived of a constitutional right; (2) that a "causal
connection exists between [defendants' conduct] and the
[constitutional deprivation]; and (3) that the challenged conduct
was attributable to a person acting under color of state law."
Sánchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009)
(citing 42 U.S.C. § 1983).

Courts refer to state law to determine the statute of
limitations for section 1983 causes of action.   See Wilson v.
García, 471 U.S. 261, 278-80, 85 (1985).   Section 1983 is subject
to a one-year limitations period pursuant to Puerto Rico law.  P.R.
Laws Ann. tit. 31, § 5298(2); Benítez-Pons v. Puerto Rico, 136
F.3d 54, 59 (1st Cir. 1998) ("Puerto Rico law establishes a one-
year prescription period for the [section 1983] claims in this
case.").   Commencement of the limitations period "begins running
one day after the date of accrual, which is the date plaintiff
knew or had reason to know of the injury."  Id. at 59.

## III. Discussion

As a preliminary matter, the jury convicted Cruzado on June 7,
2002, approximately three years before the Office of the
Comptroller published the audit report.  (Criminal No. 01-690,

Docket No. 89; Civil No. 20-1360, Docket No. 10, Ex. 7 at p. 1)
The harm allegedly sustained by Cruzado is the concealment of
exculpatory evidence set forth in this document.  He fails to
identify, however, how the audit report proves his purported
innocence.  The complaint merely alleges that withheld information
negates the evidence presented at trial.  Failure to tether the
delayed publication of the audit report to a constitutionally
protected right is fatal to his section 1983 cause of action.  See
Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997) (holding that
a section 1983 claim "must have worked a denial of rights secured
by the constitution or by federal law").

Not every perceived injustice or personal affront is a
violation of the Constitution.  Moreover, the applicable pleading
standard "requires more than unadorned, the-defendant-unlawfully-
harmed-me accusation."  Iqbal, 556 U.S. at 678.  The First Circuit
Court of Appeals has noted potential "misuse" of section 1983
claims.  Dewey v. Univ. of New Hampshire, 694 F.2d 1, 3 (1st Cir.
1982).  The Court must "insist that the claim at least set forth
minimal facts, not subjective characterizations, as to who did
what to whom and why."  Id.; see Rivera-Crespo v. González-Cruz,
No. 13-1004, 2015 U.S. Dist. LEXIS 29773 at *9 (D.P.R. Mar. 9,
2015) (Vélez-Rivé, J.)  Cruzado relies entirely on his subjective
belief that the Office of the Comptroller has wronged him.  (Docket

No.  2)  Accordingly,  dismissal  is  warranted  pursuant  to
Rule 12(b)(6).

The complaint is also time barred.  The statute of limitations
began on November 22, 2005, the day after publication of the audit
report.  This is when Cruzado knew, or should have known, about
the  alleged  conspiracy  to  withhold  exculpatory  evidence.
Consequently, the final day for Cruzado to file a timely section
1983 cause of action was November 22, 2006.  This action commenced
on July 24, 2020, fourteen years after the statute of limitations
expired.

Cruzado contends that the complaint is timely because the
Office of the Comptroller released the audit report "while he was
being held at the FCI Schuylkill federal prison in the State of
Pennsylvania."  (Docket No. 10 at p. 29.)  The Court construes
this  argument  to  suggest  that  federal  confinement  prevented
Cruzado from receiving notice of the audit report, tolling the
statute of limitations.  Even if this were an accurate recitation
of the law, Cruzado's term of imprisonment concluded in September
of 2007.  (Docket No. 2 at p. 6)  Thus, his section 1983 claim is
untimely even if the Court prolongs its date of accrual.

**IV.  Order to Show Cause**

Pursuant to 28 U.S.C. § 1651(a), federal courts "may issue
all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651(a); see In re McDonald, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that that Court's limited resources are allocated in a way that promotes the interest of justice.  The continual processing of petitioner's frivolous filings does not promote that end.").

The First Circuit Court of Appeals has held that the judiciary "has the ability to enjoin a party – even a *pro se* party – from filing frivolous and vexatious motions." United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005); see Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) ("In extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing a processing frivolous and vexatious lawsuits may be appropriate.")  (citation omitted).

Cruzado's affinity for frivolous litigation following his 2002 conviction is a strain on the Court's finite resources, and an abuse of the judicial process.  The Court **FINDS** that Cruzado is a vexatious litigant, bent on pursuing meritless claims against past and present federal and state officials.  Accordingly, **no later than June 18, 2021,** Cruzado is **ORDERED TO SHOW CAUSE** as to why the Court should not enjoin him from commencing any action of any type or description in the United States District Court for

the District of Puerto Rico, in connection with his 2002 conviction for corruption without prior leave of the Court.

Failure to show cause will result in the issuance of a permanent injunction.  This injunction will require Cruzado to request leave of the court by filing a summary of the putative claims (not to exceed one page per claim) together with an affidavit certifying that the claims are novel and have not been previously raised before this Court or any other federal court. Failure to certify or failure to certify truthfully may result in contempt of court and will be punished accordingly.

**V.   Conclusion**

For the reasons set forth above, the Office of the Comptroller's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.   (Docket No. 6) This case is **DISMISSED WITH PREJUDICE**.

Cruzado is **ORDERED TO SHOW CAUSE, no later than June 18, 2021,** as to why the Court should not enjoin him from commencing any action of whatever type or description in the United States District Court for the District of Puerto Rico, in connection with his 2002 conviction for corruption without prior leave of the Court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 26, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
